■ ISIDORE PENN, Respondent, v. ANN FABER, Appellant. ISIDORE PENN, Respondent, v. MAX MUNN, Appellant.— Appeals by two judgment debtors from separate orders of the Supreme Court, Kings County, both dated June 8, 1972, which granted the judgment creditor's motions pursuant to CPLR 5225 to compel the judgment debtors to deliver certain certificates of corporate capital stock to the Sheriff of the City of New York. Orders reversed, without costs, and both motions remitted to Special Term for (1) a hearing and determination as to the actual possession and locus of the stock certificates and (2) new determinations of the motions. While the transcripts of the examinations of the judgment debtors in these supplementary proceedings revealed some equivocation respecting the possession and locus of the subject stock certificates, the judgment debtors averred, in opposition to these motions, that the stock certificates were in the possession and custody of their uncle as a pledge for loans made by the latter to each of them; and one of them, Max Munn, further averred that he has "communicated with" the uncle and that the latter "has agreed to send * * * [Max Munn] copies of cancelled checks and other evidence of the loan, together with a copy of the pledge agreement which" he [Max Munn] does "not have". The other judgment debtor

made a similar averment in her opposition affidavit. In view of the judgment debtors' most recent unequivocal statements as to the whereabouts of the stock certificates, it was error for Special Term to grant the turnover orders without conducting a hearing to resolve the disputed issue. At the hearing directed to be held, the judgment debtors will be obliged to substantiate their claims that the stock certificates are in the possession of their uncle. Apart from the documentary proof referred to, we deem the best proof of that fact to be the testimony of the uncle, at the hearing in person or by interrogatories and cross interrogatories. Hopkins, Acting P. J., Munder, Martuscello, Gulotta and Brennan, JJ., concur.